## MILLER et ux, *Appellants,*
### *v.*
## BUSHNELL et ux, *Respondents.*

549 P2d 655

*Charles R. Cater,* of Cater & Johnson, La Grande, argued the cause and filed a brief for appellants.

*Milo Pope,* Milton-Freewater, argued the cause for respondents. With him on the brief was R. Thomas Gooding, of Gooding and Susak, La Grande.

Before O'Connell, Chief Justice, and McAllister, Denecke, Tongue and Bryson, Justices.

DENECKE, J.

## DENECKE, J.

This is a proceeding to quiet title. Plaintiffs claim by adverse possession and defendants by deed. The trial court held for defendants and plaintiffs appeal.

Plaintiffs have title to 300 acres of fenced mountain land covered with grass, brush and timber. Included within the fenced area is the disputed 18-acre tract to which defendants have record title. One side of the tract is bounded by the fence enclosing plaintiffs' property and his neighbor's adjoining property. The 18-acre tract was conveyed to the mother of the defendant Elwyn Bushnell in 1938. She recently conveyed to defendants. Plaintiffs secured title to their tract in 1944 and contend they have been in adverse possession of the 18 acres since then.

Plaintiffs operated a dairy from 1944 to 1959 and contend that during this period their 50 cows pastured in the entire enclosed area, including the 18-acre tract. Commencing in 1959 and for 10 years thereafter plaintiff Earl Miller's brother pastured 50 or 60 Herefords in his brother's fenced area, including, according to plaintiffs, the 18-acre tract. This was for the period April to August, the only period when the area furnished adequate pasturage. During this entire time plaintiffs and the brother grazed 16 or 17 horses in the enclosed area.

The mother secured the 18-acre tract for possible use in a wrecking business that she and defendant's father carried on. It was never so used. Defendant Elwyn Bushnell's parents were divorced 30 years ago and the mother moved to Portland where she continues to live. She has not visited the property since 1951; however, she paid the taxes and continued to regard the property as an investment for herself or for her son. Since 1950, the defendant Elwyn Bushnell, who lives 45 miles away from the property, has been on the property 10 to 15 times. His wife has visited the property five or six times since 1950. Defendants' children have also visited the property from time to time.

[ 47 ]

All witnesses testifying for the defendants could not establish the exact boundaries on the ground of the 18-acre tract but they were familiar with its general location. The defendants and their children visited the property in the summer and, in essence, testified that at any time when they were there they did not observe any cattle, manure or salt blocks in the disputed tract.

The trial court made a view of the premises.

The trial court made a finding that the plaintiffs had "actual possession" of the tract. It further found, however, that the plaintiff had not established the necessary continuity of possession.

■ The plaintiffs contend the trial court misconstrued our decision in *Springer v. Durrette,* 217 Or 196, 201, 342 P2d 132 (1959), regarding the necessary "continuity." We do not so construe the trial court's opinion or the evidence. *Springer v. Durrette, supra* (217 Or 196), held that if land could be grazed only from April to November, the necessary continuity to support a claim of adverse possession was established by showing continual use during the period April to November. We view the evidence in this case as demonstrating, however, as did the trial court, that "Continuous use during the pasturing season was not established by the plaintiffs."

■ The trial court further found that plaintiffs had not established "open and notorious possession." "This requirement is particularly meaningful when the land concerned is of a type, as to which visible acts of possession are normally few and far between, as for example, open land, range, timbered lands, or hunting and fishing preserves." 7 Powell, Real Property § 1013, 713 (1975).

■ Plaintiffs did not introduce direct and specific evidence that cattle and horses continuously grazed the 18 acres during the season. Their evidence was that if an 18-acre tract is enclosed within a 300-acre tract, stock are naturally going to graze the 18 acres. This

may or may not be true depending upon topography, water, brush, etc., on which there was little evidence. The uncontradicted testimony of defendants' witnesses was that there were no signs that stock had grazed on the 18-acre tract.

We continue to regard the following statement from *Reeves v. Porta,* 173 Or 147, 153, 144 P2d 493 (1944), to be correct:

> "* * * The claimant, as one court has said, must 'keep his flag flying, and present a hostile front to all adverse pretensions.' *Olewine v. Messmore,* 128 P. St. 470, 18 A. 495. The occasional pasturing of cows upon a piece of brushy wilderness is not enough to put an owner upon notice that his title is being challenged by adverse possession, and we think that this is particularly true when, as in this case, the owner is nonresident."

We also find the possession was not "open and notorious."

Affirmed.